# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

THE ESTATE OF SHALI
     TILSON, *et al*., Plaintiffs,

vs.

ROCKDALE COUNTY, GEORGIA,
     *et al*., Defendants.

CIVIL ACTION FILE NO.

1:19-cv-01353-WMR

## ANSWER TO COMPLAINT FOR DAMAGES

COME NOW SHERIFF ERIC LEVETT, ROCKDALE COUNTY, GEORGIA, DEPUTY ERIC TOLBERT, and OFFICER LADEAN SHIRED, Defendants in the above matter, and file this their Answer to Plaintiffs' Complaint as follows:

## FIRST DEFENSE

Plaintiffs' Complaint, and each and every paragraph set forth therein, fails to state or set forth claims against these Defendants upon which relief may be granted.

## SECOND DEFENSE

For their second defense, these Defendants answer and respond to the numbered sections and paragraphs of Plaintiffs' Complaint as follows:

## ANSWER TO "SUMMARY OF THE ALLEGATIONS"

Defendants respond to the preamble and "summary of the allegations" by stating that those portions of the Complaint violate the requirements in

Fed.RR.Civ.P. 8 (d)(1) (requiring "each allegation [to] be simple, concise, and direct") and 10(b) (requiring a party to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Based on Plaintiffs' violations of the Court's rules, no response is required to these portions of the Complaint. Subject to the foregoing, Defendants agree that "[j]ails are not psychiatric hospitals." Defendants deny any material allegations set forth against them in the "summary of allegations," and deny in the form and manner alleged the remaining self-serving commentary in the "summary."

## ANSWER TO "PARTIES"

1. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

2. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

3. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

4. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of

same.

5.     Defendants admit the allegations set forth in this paragraph.

6.     Defendants admit the allegations set forth in this paragraph.

7.     Defendants admit that Defendants Lang, Tolbert, and Shired were Sheriff's deputies assigned to the booking area where Mr. Tilson was housed on the evening of his death, and they acted under color of law. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

8.     Defendants admit that on one or more shifts on March 10, 11 or 12, 2018, the referenced officers were detention officers who—based on records—were assigned to, or worked in, the booking area where Mr. Tilson was housed. Defendants deny the remaining allegations in this paragraph.

9.     Defendants admit that on one or more shifts from March 9 to March 12, 2018, the referenced officers were supervising officers at the Rockdale County Jail, and on a given shift each was charged with overseeing subordinate officers on that particular shift. Defendants admit that while on duty, the referenced officers were acting in their official capacities as employees of the Sheriff's office and acting under the color of law, but Defendants deny the remaining allegations in the form and manner alleged.

10.     Defendants admit that the entity formerly known as Correct Care Solutions, LLC ("CCS") was a private for-profit limited liability company based in

Tennessee, and CCS contracted with the County to provide medical services to inmates at the Rockdale County jail, but Defendants deny the remaining allegations in the form and manner alleged.

## ANSWER TO "JURISDICTION AND VENUE"

11.  Defendants admit the allegations set forth in this paragraph.

12.  Defendants admit the allegations set forth in this paragraph, except to the extent that the Eleventh Amendment to the United States Constitution bars the exercise of federal jurisdiction.

13.  Defendants admit the allegations set forth in this paragraph, except to the extent that the Eleventh Amendment to the United States Constitution bars the exercise of federal jurisdiction.

14.  Defendants admit the allegations set forth in this paragraph.

## ANSWER TO "FACTS GIVING RISE TO PLAINTIFFS' CLAIMS"

15.  Defendants admit the allegations set forth in this paragraph.

16.  Defendants deny the allegations set forth in this paragraph.

17.  Defendants deny the allegations set forth in this paragraph.

18.  Defendants admit the allegations set forth in this paragraph.

19.  Defendants admit the allegations set forth in this paragraph.

20.  Defendants deny the allegations set forth in this paragraph.

21. Defendants deny that the referenced officers were involved in booking Mr. Tilson. Defendants admit the remaining allegations in this paragraph.

22. Defendants admit the allegations set forth in this paragraph.

23. Defendants admit that Sgt. Guillebeau made contact with Mr. Tilson, and Sgt. Guillebeau observed Mr. Tilson, who screamed racially derogatory comments and made other comments that were unintelligible. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

24. Defendants admit the allegations set forth in this paragraph.

25. Defendants admit the allegations in the first, second and last sentences in this paragraph, and admit that Deputy Lightford used a closed fist strike on Tilson's leg after Tilson repeatedly resisted restraint of his leg. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

26. Defendants deny the allegations set forth in this paragraph.

27. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

28. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

29. Defendants deny the allegations set forth in this paragraph.

30. Defendants state that on March 6, 2018, Mr. Tilson was placed in a padded cell in the booking area because he was identified as a suicide risk. When he arrived Lieutenant Lynn and Corporal Tatum observed Tilson talking loudly, "wild eyed and shaking," and he stated "I got these bumps all over my skin." Defendants deny the remaining allegations in the form and manner alleged.

31. Defendants deny the allegations set forth in this paragraph.

32. Defendants admit that from March 6 to March 12, 2018, Mr. Tilson was held in cell 11 in the booking area, without a cell mate, under suicide prevention precautions, but deny the remaining allegations in this paragraph.

33. Defendants admit that Cell 11 has a hole in the floor covered with a metal grate for urination and defecation. Defendants deny the remaining allegations in this paragraph.

34. Defendants admit the allegations set forth in this paragraph.

35. Defendants lack sufficient information, knowledge or belief to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

36. Defendants deny the allegations set forth in this paragraph.

37. Defendants deny the allegations set forth in this paragraph.

38. Defendants deny the allegations set forth in this paragraph in the form and

manner alleged.

39.   Defendants admit that the referenced officers were involved in the incident that occurred at approximately 9:00 a.m. on March 6, 2018, but Defendants deny the remaining allegations in the form and manner alleged.

40.   Defendants state that there is no reported use of force involving Mr. Tilson after the one that occurred at approximately 9:00 a.m. on March 6, 2018. Defendants deny any remaining allegations in the form and manner alleged.

41.   Defendants lack sufficient information, knowledge or belief to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

42.   Defendants admit that on the morning of March 9, 2018, Mr. Tilson's parents appeared in the Jail lobby inquiring about Mr. Tilson.   Defendants lack specific information about the particular intent of the Plaintiffs at that point. Defendants deny the remaining allegations in this paragraph.

43.   Defendants admit that an officer provided visitation information about Mr. Tilson to the Plaintiffs, and another officer explained to them that Mr. Tilson currently was under medical observation.   Defendants deny the remaining allegations in the form and manner alleged.

44.   Defendants deny the allegations set forth in this paragraph.

45.   Defendants lack sufficient information, knowledge or belief to admit or deny

the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

46. Defendants state that Correct Care Solutions staffed the Jail with a mental health professional for 40 hours per week at the time, and normally the mental health professional worked on weekdays rather than weekends; Defendants deny the remaining allegations in the form and manner alleged.

47. Defendants state that Correct Care Solutions staffed the Jail with a mental health professional for 40 hours per week at the time, and normally the mental health professional worked on weekdays. Defendants deny the remaining allegations in the form and manner alleged.

48. Defendants state that in 2017 Sheriff Levett was granted a full time mental health professional to staff the jail for 40 hours a week, pursuant to the health care contract between Rockdale County and CCS. Defendants deny the remaining allegations in the form and manner alleged.

49. Defendants admit there was a nurse employed by CCS on duty at the jail every day, but Defendants deny the remaining allegations in the form and manner alleged.

50. Defendants deny the allegations set forth in this paragraph.

51. Defendants deny the allegations set forth in this paragraph.

52.     Defendants deny the allegations set forth in this paragraph.

53.     Defendants deny the allegations set forth in this paragraph.

54.     Defendants deny the allegations set forth in this paragraph.

55.     In response to the allegations in paragraph 55, Defendants state that inmates are housed in accordance with their classification, circumstances and available resources, among other potential factors. Prisoners with physical ailments may be housed alone in a cell, and prisoners who display suicide risk ordinarily are housed under the same or similar circumstances as Mr. Tilson. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

56.     Defendants state that Mr. Tilson was in administrative segregation and placed in a cell that had padding on the walls and floors to prevent self-harm, which is different than prisoners who were housed in some type of disciplinary segregation. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

57.     Defendants deny the allegations set forth in this paragraph.

58.     Defendants deny the allegations set forth in this paragraph.

59.     Defendants state that Mr. Tilson was in the padded cell by himself in order to keep him safe from self harm, following some indication that he posed a risk

of self harm, and based on medical evaluation concluding that he should remain there for his safety. Defendants deny the remaining allegations in this paragraph.

60. Defendants deny the allegations set forth in this paragraph.

61. Defendants state that Mr. Tilson was in administrative segregation and placed in a cell that had padding on the walls and floors to prevent self-harm, which is different than prisoners who did not have similar circumstances. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

62. Defendants submit that the statement in this paragraph is in the nature of an expert opinion, and a point that neither the Plaintiffs nor the Defendants are qualified to provide; subject to the foregoing, Defendants lack sufficient information, knowledge or belief to admit or deny this allegation, and therefore deny such allegations and put Plaintiffs on proof of same.

63. Defendants deny the allegations set forth in this paragraph.

64. Defendants submit that this allegation is a medical opinion, and a point that neither the Plaintiffs nor the Defendants are qualified to provide. Subject to the foregoing, Defendants lack sufficient information, knowledge or belief to admit or deny this allegation, and therefore deny such allegations and put Plaintiffs on proof of same.

65. Defendants lack sufficient information, knowledge or belief to admit or deny this allegation, and therefore deny such allegations and put Plaintiffs on proof of same.

66. Defendants deny the allegations set forth in this paragraph.

67. Defendants admit the allegations set forth in this paragraph.

68. Defendants deny the allegations set forth in this paragraph.

69. Defendants admit that in the hours preceding his death, Mr. Tilson chose to be naked, in spite of provision of clothing by the Sheriff's Office, but Defendants deny the remaining allegations in this paragraph.

70. Defendants admit that the policy provided that inmates put on suicide watch should be checked every 15 minutes. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

71. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

72. Defendants deny the allegations set forth in this paragraph.

73. Defendants admit that Sergeant Lang, Officer Tolbert and Officer Shired were assigned to the booking area, and as such they collectively had responsibility for suicide watch checks on Mr. Tilson every 15 minutes to determine that Mr. Tilson was not harming himself. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

74. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

75. Defendants Shired and Tolbert separately checked Tilson near the beginning of the shift, shortly after 3:00 p.m. Defendant Lang checked Tilson shortly after 4:00 p.m., at approximately 7:32 p.m. and at approximately 8:25 p.m. Defendants admit that, aside from the foregoing, Sergeant Lang, Officer Tolbert and Officer Shired did not check on Mr. Tilson at the cell door. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

76. Defendants admit that shortly after 4:00 p.m., Sergeant Lang, but not Officer Tolbert, inserted a styrofoam tray containing food into Mr. Tilson's cell.

77. Defendants lack sufficient information, knowledge or belief to admit or deny this allegation, and therefore deny such allegations and put Plaintiffs on proof of same.

78. Defendants admit that shortly after 5:00 p.m., Mr. Tilson sat against the wall of his cell, and rested his head against the corner of the wall, but Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

79. Defendants admit that at about 5:04 p.m., Mr. Tilson's head drooped forward and he remained in that position, but Defendants deny the remaining

allegations in the form and manner alleged.

80. Defendants lack personal knowledge sufficient to verify the allegations in this paragraph, but admit that Sergeant Lang stated he checked the suicide watch log at 5:45 p.m. and saw that it had not been signed since 3:00 p.m.

81. Defendants admit that, based on video, Sergeant Lang did not check through Tilson's cell window at 5:45 p.m.   Based on video, Sergeant Lang checked at Tilson's cell at approximately 7:32 p.m., which is when he appears to have written on the log. Defendants deny the remaining allegations in the form and manner alleged.

82. Defendants admit that Sergeant Lang initialed the suicide watch log form for times 15:25 through 17:45, and for certain of those entries Lang did not go to Mr. Tilson's cell for the check(s), but Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

83. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

84. Defendants admit that Sergeant  Lang was the first among Defendants Lang, Tolbert or Shired to check at Mr. Tilson's cell after Tilson was provided food after 4:00 p.m., but Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

85. Defendants admit that at approximately 7:32 p.m., Sergeant Lang checked on Mr. Tilson and appears to have initialed the suicide watch log form for times 15:25 through 17:45. For certain of those entries Sergeant Lang did not go to Mr. Tilson's cell for the check(s). Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

86. Defendants admit that at 7:30 p.m., Mr. Tilson was seated on the floor and leaning back against the wall with his head dropped forward, and he did not move. Defendants deny the remaining allegations set forth in this paragraph in the form and manner alleged.

87. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

88. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

89. Defendants admit that the next time Defendants Lang, Tolbert or Shired viewed Mr. Tilson through the cell door was approximately 8:25 p.m., but deny the remaining allegations in the form and manner alleged.

90. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

91. Defendants lack sufficient information to admit or deny the allegations in this

paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

92.     Defendants deny the allegations set forth in this paragraph.

93.     Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

94.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

95.     Defendants deny the allegations set forth in this paragraph.

96.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

97.     Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

98.     Defendants deny the allegations set forth in this paragraph.

99.     Defendants deny the allegations set forth in this paragraph.

100.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

101. Defendants admit the allegations in this paragraph, and add that the Rockdale County Sheriff's Office had policies covering inmate hunger strikes and emergency medical services that were effective since March 1, 2001.

102. Defendants admit the allegations set forth in this paragraph.

103. Defendants admit that video from March 9, 2018 through 3:00 p.m. on March 12, 2018, as well as video from inside Tilson's cell from 3:00 p.m. to 4:00 p.m. on March 12, 2018, was automatically overwritten by the jail's computer system, despite directives from Sheriff's Office command staff to preserve the referenced video. Defendants deny the remaining allegations in this paragraph.

104. Defendants deny the allegations set forth in this paragraph.

105. Defendants deny the allegations set forth in this paragraph.

106. Defendants deny the allegations set forth in this paragraph.

107. Defendants deny the allegations set forth in this paragraph.

## ANSWER TO Count I

108. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

109. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

110. Defendants deny the allegations set forth in this paragraph.

## ANSWER TO Count II

111. Defendants submit that it is improper to assert a claim or allegations against non-parties, and Defendants have no duty to respond to such allegations. Subject to the foregoing and without waiving same, Defendants deny any material allegations against them in this paragraph, and deny the remaining allegations in the form and manner alleged.

112. Defendants submit that it is improper to assert a claim or allegations against non-parties, and Defendants have no duty to respond to such allegations. Subject to the foregoing and without waiving same, Defendants deny any material allegations against them in this paragraph, and deny the remaining allegations in the form and manner alleged.

113. Defendants submit that it is improper to assert a claim or allegations against non-parties, and Defendants have no duty to respond to such allegations. Subject to the foregoing and without waiving same, Defendants deny any material allegations against them in this paragraph, and deny the remaining allegations in the form and manner alleged.

## ANSWER TO Count III

114. Defendants admit that at the relevant time frame, some medical services were

provided to inmates by medical professionals other than those employed by Correct Care Solutions, LLC. Defendants deny the remaining allegations in the form and manner alleged.

115. Defendants admit that officers work in cooperation with medical staff, whether to provide security, alert medical staff to observed issues or the like. Defendants deny the remaining allegations in the form and manner alleged.

116. Defendants deny the allegations set forth in this paragraph. See <u>Lake v. Skelton</u>, 840 F.3d 1334 (11th Cir. 2016).

117. Defendants state that in 2015, over 6,000 inmates were booked into the Rockdale County jail, there were approximately 1,039 mental health referrals, and there were approximately 480 mental health screenings. Defendants deny the remaining allegations in the form and manner alleged.

118. Defendants state that in 2016, there were over 5,900 inmates were booked into the Rockdale County jail, there were approximately 1,579 mental health referrals, and there were approximately 849 mental health screenings. Defendants deny the remaining allegations in the form and manner alleged.

119. Defendants deny the allegations set forth in this paragraph.

120. Defendants deny the allegations set forth in this paragraph.

121. Defendants deny the allegations set forth in this paragraph.

122. Defendants state that Mr. Tilson was in the padded cell by himself in order to keep him safe from self-harm, following some indication that he posed a risk of suicide, and based on medical evaluation concluding that he should remain there for his safety. Defendants deny the remaining allegations in this paragraph.

123. Defendants deny the allegations set forth in this paragraph.

124. Defendants deny the allegations set forth in this paragraph.

125. Defendants deny the allegations set forth in this paragraph.

126. Defendants deny the allegations set forth in this paragraph.

127. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

128. Defendants deny the allegations set forth in this paragraph.

129. Defendants admit that the Sheriff has authority to make policy and decisions in regard to an inmate's housing assignment, but he made no such decision in the case of Mr. Tilson, and individual decisions relating to inmate housing assignments normally are delegated to officers in the jail division, in consultation with directives or recommendations of medical professionals. Defendants deny the remaining allegations in this paragraph.

130. Defendants admit the allegations set forth in this paragraph.

131. Defendants deny the allegations set forth in this paragraph. See Lake v. Skelton, 840 F.3d 1334 (11th Cir. 2016).

## ANSWER TO Count IV

*Claim under Americans with Disability Act and Rehabilitation Act*

132. Defendants admit the allegations set forth in this paragraph.

133. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

134. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

135. Defendants deny the allegations set forth in this paragraph. See Lake v. Skelton, 840 F.3d 1334 (11th Cir. 2016).

136. Defendants admit that at the time of the incident, Rockdale County contracted with Correct Care Services, LLC to provide health services in the jail. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

137. Defendants deny the allegations set forth in this paragraph.

138. Defendants state that Sheriff Levett has final decision-making authority over Jail operations, including inmate supervision and provision of necessary

medical care to inmates. Sheriff Levett delegated individual decisions relating to inmate supervision to officers in the jail division, who were trained to summon medical care for perceived, serious inmate medical needs, in the absence of an on-site medical professional. Defendants deny the remaining allegations in this paragraph.

139. Defendants deny the allegations set forth in this paragraph.

140. Defendants deny the allegations set forth in this paragraph.

141. Defendants deny the allegations set forth in this paragraph.

142. Defendants state that the decedent should have been provided basic necessities such as food, water and basic sanitation, and such necessities were provided to the decedent and to other inmates. Defendants deny the remaining allegations in this paragraph.

143. Defendants respond that Mr. Tilson was allowed to visit with his family or to otherwise correspond with them, subject to the visitation and correspondence regulations that applied to every other inmate. Defendants deny the remaining allegations in this paragraph.

**ANSWER TO Count V**

144. Defendants deny all allegations in this paragraph.

145. Defendants deny all allegations in this paragraph.

146. Defendants deny any and all other allegations set forth in Plaintiff's Amended Complaint not expressed admitted herein.

## THIRD DEFENSE

Qualified immunity protects the individual Defendants from any constitutional claims brought pursuant to 42 U.S.C. § 1983 because, at all times relevant hereto, Defendants performed objectively reasonable, discretionary acts within the course and scope of their duties as a public officers.

## FOURTH DEFENSE

Sovereign immunity protects Defendant Rockdale County and any Defendant sued in an official capacity from liability under state law.

## FIFTH DEFENSE

The individual Defendants are protected by official immunity from any state law tort claim raised in the Complaint.

## SIXTH DEFENSE

The Eleventh Amendment to the United States Constitution bars any relief against any Defendant sued in an official capacity, absent an exception or waiver proven by the Plaintiff.

**SEVENTH DEFENSE**

Defendants are not liable because they did not breach any tort duty owed to the decedent in regard to the incident(s) giving rise to the Complaint.

**EIGHTH DEFENSE**

The Fourteenth Amendment's due process clause limits punitive damages, and Defendants hereby invoke Georgia law's cap on punitive damages, as well as all other limitations and requirements provided under controlling law.

**NINTH DEFENSE**

To the extent that (a) no permanent administrator has been appointed for the Estate of Mr. Tilson, and/or (b) some person(s) other than the Plaintiffs is/are entitled to pursue a wrongful death claim, then Plaintiffs lack standing and are not the real parties in interest.

**TENTH DEFENSE**

The decedent never requested any accommodation for an alleged disability, and any alleged required accommodation(s) would have required substantial alteration in the jail's operations and/or placed an undue burden on the Sheriff's Office.

**ELEVENTH DEFENSE**

The medical-related claims under the ADA and Rehabilititation Act are not cognizable under those laws, and the remaining claims raise no more than *de minimis*

alleged harm to the decedent.

## TWELTH DEFENSE

Plaintiffs lack standing in the absence of an injury in fact to the decedent proximately caused by any Defendant's actionable conduct.

## THIRTEENTH DEFENSE

Defendant Rockdale County did not employ the deputies involved in the underlying incident and is not considered the employer of the deputies under Georgia law; therefore, Rockdale County cannot be held liable for the actions of the deputies as alleged.

## FOURTEENTH DEFENSE

Defendants Rockdale County and Defendant Levett in his official capacity, cannot be held liable under 42 U.S.C. § 1983 on the basis of *respondeat superior* liability, and there are no official policies, customs or practices of the Rockdale County Sheriff's Office which proximately caused the alleged illegal conduct which forms the basis of Plaintiff's Complaint.

## FIFTEENTH DEFENSE

To the extent applicable, the decedent's injuries and damages are the result of a pre-existing condition for which Defendants are not responsible.

## SIXTEENTH DEFENSE

The decedent's alleged injuries and damages were directly and proximately

caused by his own decisions, actions or inactions, and failure to exercise ordinary care.

## **SEVENTEENTH DEFENSE**

Any Defendant sued in an official capacity is not a "person" subject to suit under 42 U.S.C. § 1983.

## **EIGHTEENTH DEFENSE**

Any damages claimed by Plaintiffs should be reduced to the extent that they and/or the decedent failed to mitigate damages.

## **NINETEENTH DEFENSE**

The Americans with Disabilities Act is unconstitutional as Plaintiffs seek to apply it in this case.

## **TWENTIETH DEFENSE**

In regard to claims under the ADA and RA, the relevant Defendant(s) exercised good faith in attempting to pursue legitimate ends, and did not discriminate against the decedent.


WHEREFORE, having fully answered, Defendants pray that judgment be entered in their favor and against the Plaintiffs, that Plaintiffs takes nothing, and that Defendants be awarded their costs incurred in defending this action.

**TRIAL BY JURY IS DEMANDED.**

This 3 day of June, 2019.

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ Jason Waymire
TERRY E. WILLIAMS
Georgia Bar No. 764330
JASON WAYMIRE
Georgia Bar No. 742602

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
678-541-0790
678-541-0789
terry@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

ANSWER AND DEFENSES on all parties via electronic filing the Court's ECF

system, this 3 day of June, 2019.

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ Jason Waymire
JASON WAYMIRE
Georgia Bar No. 742602

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
678-541-0790
678-541-0789